UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

WILLIAM BENTON, on his own behalf and    )
on behalf of those similarly situated,    )
    )
    Plaintiff,    )
    )
v.    )    Case No. 25-CV-0315-CVE-MTS
    )
COMMERCIAL FITNESS CONCEPTS, LLC,    )
    )
    Defendant.    )

OPINION AND ORDER

Now before the Court is Plaintiff's Opposed Motion for Conditional Certification and Memorandum in Support Thereof (Dkt. # 21). Plaintiff filed this case asserting a claim under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (FLSA), based on his allegations that he was not paid time and a half for hours worked in excess of 40 hours per week. Plaintiff requests that the Court conditionally certify a collective action under the FLSA for all similarly situated employees of defendant Commercial Fitness Concepts, LLC (CFC) who were also not paid overtime as required by the FLSA. CFC opposes plaintiff's motion for conditional certification of a collective action, and contends that plaintiff has not come forward with sufficient evidence warranting conditional certification. CFC also asks the Court to modify plaintiff's proposed notice to putative members of the collective action if the Court grants plaintiff's request for conditional certification.

I.

CFC distributes new and used fitness equipment, and CFC maintains its headquarters in Tulsa, Oklahoma. Dkt. # 2, at 3. William Benton alleges that he was employed by CFC to perform assembly and installation from March 2022 to November 2024, and he was paid an hourly wage of

$17 per hour.[1] Id. at 4.  Benton claims that he and other similarly situated workers regularly worked more than 40 hours per week, but he alleges that CFC has a policy of paying employees their regular pay rate for all hours worked in excess of 40 hours per week.  Id.

Benton contends that he and other similarly situated employees of CFC were denied overtime pay in violation of the FLSA.  Benton has submitted a declaration stating that CFC maintains warehouses in Florida, New Jersey, and Texas, and he worked primarily in CFC's Tampa, Florida warehouse.  Dkt. # 21-2, at 2.  Benton states that he regularly worked more than 40 hours per week and was not paid overtime, and he asked his supervisors why he was not paid overtime for hours worked in excess of 40 hours per week.  Id. at 3.  His supervisors allegedly responded that CFC does not pay overtime, and he states that he confirmed with some of his co-workers at CFC's Tampa warehouse that they were also not paid overtime.  Id. at 3-4.  Benton states that he spoke to CFC employees from New Jersey and Texas, and "a few of them" claimed that CFC refused to pay them overtime.  Id. at 4.  Benton does not allege that he personally examined the paystubs or time sheets of CFC employees based in New Jersey or Texas.  Benton has provided a pay stub from the dates of January 13 to January 29, 2023 showing that he worked over 143 hours, but he was not paid overtime for any part of that time period.  Id. at 6.

On June 24, 2025, Benton filed this case on behalf of himself and other similarly situated persons who were not paid overtime by CFC.  Benton alleges there is a numerous class of "collective members [who] were hourly paid employees who performed assembly and installation duties for

---

[1]     Plaintiff's complaint states that he was paid up to $18 per hour, but his affidavit and pay stub show that he was paid $17 per hour.  Dkt. # 2, at 4;, Dkt. # 21-2, at 3, 6.  For this Opinion and Order, the Court will rely on the evidence submitted by plaintiff that he was paid $17 per hour, but plaintiff may submit additional evidence at a later stage of the case clarifying his pay rate if he can show that he was paid more than $17 per hour.

[CFC]." Dkt. # 2, at 2.  However, Benton's proposed collective action is not limited to assemblers and installers, and he requests conditional certification of the following class:

> All hourly paid employees who worked for Defendant within the last three (3) years, who were not compensated at time-and-one-half of their hourly rate for all hours worked in excess of forty (40) hours and who were instead only paid their regular hourly rate for the excess hours in one and more workweeks.

Id. at 6.  Benton seeks compensatory damages for unpaid overtime, liquidated damages, attorney fees and costs, and pre and post-judgment interests.

**II.**

The FLSA permits employees to bring an action against any employer for unpaid overtime compensation, "for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b).  To join such a collective action, plaintiffs are required to consent in writing and file the consent in the court in which the action is brought.  Id.

The Tenth Circuit has applied an ad hoc approach "in determining whether plaintiffs [are] 'similarly situated' for purposes of § 216(b)." Thiessen v. Gen. Elec. Cap. Corp., 267 F.3d 1095, 1105 (10th Cir. 2001).  This two-step approach assesses putative collective members first at the notice stage, and then later after discovery. Id. at 1102.  At the first stage, courts determine whether certification is proper for sending notice to putative members.  Id.  This is a lenient standard requiring "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan."  Id.  "In reviewing a motion for conditional certification, the court does not weigh the evidence, resolve factual disputes, or rule on the merits of plaintiffs' claims." French v. Midwest Health, Inc., No. 2:14-CV-2625, 2015 WL 4066748, at *1 (D. Kan. July 2, 2015) (citing Gieseke v. First Horizon Home Loan Corp., 408 F. Supp. 2d 1164,

1166 (D. Kan. 2006)).  Instead, courts rely on the allegations in plaintiff's complaint and supporting affidavits.

The second stage takes place after the collective action has been conditionally certified and discovery has been completed.  Defendant may move to decertify the class.  Thiessen, 267 F.3d at 1102-03.  Here, the district court follows stricter factors to determine whether opt-in plaintiffs are similarly situated.  Because the instant case is currently at the initial notice stage, the Court applies the lenient standard to determine whether plaintiff has properly made substantial allegations that the members of the putative class are "similarly situated" such that conditional certification under § 216(b) is appropriate.

**III.**

CFC argues that plaintiff has not come forward with sufficient evidence to support his allegations that CFC maintains a policy of failing to pay overtime, and CFC contends that plaintiff cannot meet even the lenient standard for conditional certification of a collective action.  Dkt. # 25, at 6-10.  CFC also asks the Court to modify plaintiff's proposed notice to putative members of the collective action and, if the Court is "reluctant" to make the proposed changes, CFC requests that the parties be ordered to meet and confer to resolve the issues it has raised.  Id. at 11-15.

CFC argues that plaintiff has not produced sufficient evidence supporting his request for conditional certification of a collective action.  Plaintiff has provided an affidavit stating that he worked for CFC from March 2022 to October or November 2024, and he performed assembly and installation work based out of CFC's Tampa warehouse.  Dkt. # 21-2, at 3.  There is no dispute that plaintiff was paid an hourly rate for his work, and he claims that he regularly worked more than 40 hours per week.  Dkt. # 18, at 2; Dkt. # 21-2, at 3.  Plaintiff asked his supervisors why he did not

receive overtime pay, and he was allegedly told that CFC pays the regular rate of pay for overtime hours. Dkt. # 21-2, at 3. Plaintiff states that he observed other employees working similar hours to his own, and he states that he is "aware" that those employees were not paid time and a half for overtime hours. Id. Plaintiff states that he spoke to employees from CFC's warehouses in New Jersey and Texas, and a "few of them" told plaintiff that they received regular pay for overtime hours. Id. at 4. Plaintiff has provided a single pay stub showing that he worked over 143 hours between January 13 and January 29, 2023, but he received pay at the regular rate of $17 per hour for all of his time. Dkt. # 21-2, at 6.

CFC disputes that plaintiff has come forward with sufficient evidence to warrant conditional certification of a collective action. CFC describes plaintiff's evidence as a "single, self-serving affidavit, riddled with conclusory allegations founded on hearsay" and a "single pay stub covering seventeen days of his 2.5 years of employment . . . ." Dkt. # 25, at 1. Plaintiff responds that he has exceeded his burden at the initial stage of certification of a collective action, and he claims that he is not required to prove a violation of the FLSA at this stage of the case. Dkt. # 26, at 5-8. The Court has reviewed plaintiff's complaint and motion for conditional certification, and plaintiff's allegations are sufficient for conditional certification of a collective action. The "overriding question is whether a plaintiff is similarly situated to the putative collective, and district courts should not reach the merits of the case" on a motion for conditional certification. Kemmerlin v. Bicentennial Inc., 2025 WL 371802 (N.D. Okla. Feb. 3, 2025). Plaintiff alleges that other hourly workers employed by CFC at its Tampa warehouse were not paid time and a half for hours worked in excess of 40 hours per week, and he has provided one pay stub and an affidavit in support of his allegations. The Court agrees with defendant that plaintiff's allegations are largely based on hearsay, but plaintiff

5

has no burden at this stage to offer substantial proof in support of his allegations. The primary purpose of conditional certification "is to notify putative collective action members of their right to join the lawsuit," and affirmative defenses and evidentiary disputes are typically reserved for the second step of certification. Brayman v. KeyPoint Gov't Sols., Inc., 2018 WL 5776373, *6 (D. Colo. Nov. 1, 2018). Plaintiff will be required to come forward with more substantial evidence at the second stage of certification, but plaintiff's allegations are sufficient to meet his burden for conditional certification and for providing notice to potential members of the collective action.

The Court notes that the parties appear to be disputing whether the putative collective includes all hourly employees or a more limited class of hourly employees classified as installers and assemblers. Dkt. # 2, at 6; Dkt. # 25, at 3. To be clear, the Court is not making a finding at this stage of the case that all hourly employees of CFC are similarly situated to plaintiff, and the issue of which employees are similarly situated will be resolved at the second stage of certification.[2] The Court will conditionally allow plaintiff to proceed with a class definition of all hourly employees at CFC's Tampa warehouse based on his allegations that all hourly workers at this facility worked under similar circumstances and were subject to a single pay policy. However, he will ultimately have to come forward with non-hearsay evidence establishing that all hourly employees were subject to a single policy or rule and that he is an adequate person to represent the collective.

---

[2] Plaintiff suggests that defendant has stipulated that the putative collective consists of all hourly employees of CFC. Dkt. # 26, at 3 n.1. The Court has reviewed the parties' filings, including the joint status report (Dkt. # 18), and finds no such stipulation. In fact, CFC specifically contests that the putative collective should include employees outside of its Tampa warehouse. Dkt. # 25, at 14. The parties have raised this issue in the context of plaintiff's proposed notice to members of the collective, and the Court will separately consider whether a geographical limitation on the putative class is warranted.

## IV.

CFC asks the Court to modify plaintiff's proposed notice to class members in various ways or, in the alternative, to order the parties to meet and confer to resolve the issues raised by defendant. Dkt. # 25, at 11-15.  Plaintiff responds that his proposed notice and the manner in which he intends to distribute the notice are appropriate, and he asks the Court to approve his proposed notice.  Dkt. # 26, at 9-11.  The Court has reviewed the parties' briefing and will resolve CFC's objections, and the Court does not find that it would be necessary or helpful for the parties to meet and confer about the issues raised by CFC.

**<u>Identification of Defense Counsel</u>**

CFC argues that the notice should be amended to include defense counsel's contact information, because the failure to include this information creates an "imbalance" in favor of plaintiff.  Dkt. # 25, at 12.  CFC cites two cases from the Western District of Oklahoma in which the court ordered the plaintiff to amend the notice to include defense counsel's contact information. <u>Stoddard v. Love's Travel Stops & Country Stores, Inc.</u>, 2022 WL 2960131 (W.D. Okla. July 26, 2022); <u>Cooper v. Coil Chem, LLC</u>, 2017 WL 1483550 (W.D. Okla. Apr. 25, 2017).  The two cases cited by CFC required the notice to include defense counsel's contact information, but neither case contains any explanation for inclusion of this information and the cases do not include a finding that failure to include this information would be prejudicial to the defendant.  The Court finds no reason to modify the proposed notice to include defense counsel's contact information in the proposed notice.  CFC's argument that failure to include this information in the notice would result in an "imbalance" is speculative, and the Court will generally refrain from modifying plaintiff's proposed notice unless it is necessary to do so to ensure that the notice is fair and accurate.

**Class Members' Selection of Counsel**

CFC claims that the proposed notice makes only a passing reference to the right of a member of the collective action to retain his or her own counsel, and CLC contends that the notice should be amended to more clearly state that a putative member of the collective can be represented by an attorney other than plaintiff's counsel. Dkt. # 25, at 12. The proposed notice plainly states that "[i]f you wish to join this case with an attorney other than Plaintiff's attorney, you may do so." Dkt. # 21-3, at 4. The proposed notice adequately advises putative members of the collective action that they have a right to retain their own counsel, and the Court sees no reason to modify the proposed notice to more prominently advise potential members that they can retain their own attorney.

**Notice Period**

CFC asks the Court to amend the proposed notice to limit the notice period to 45 days, instead of the 60 day notice period in the proposed notice drafted by plaintiff's counsel. CFC cites Huddleston v. John Christner Trucking, LLC, 2018 WL 7373644 (N.D. Okla. May 1, 2018), for the proposition that the notice period is typically limited to 45 to 120 days. Dkt. # 25, at 12. CFC argues that the notice period in this case should be limited to 45 days, but CFC fails to mention that the court found a 90 day notice period reasonable in Huddleseton. Huddleston, 2018 WL 7373644 at *3. In this case, plaintiff requests a 60 day notice period for putative members of the collective action to opt in to the lawsuit, and the Court finds that the requested notice period is reasonable.

**Obligation to Participate in Lawsuit**

CFC argues that the proposed notice should advise putative members of the collective action that they may be required to participate in the lawsuit and give testimony. Dkt. # 25, at 13. CFC cites Stoddard and contends that the notice should provide a detailed statement concerning a putative

member's obligations if he or she opts in to the case.  The Court has reviewed the proposed notice and finds that putative members are adequately informed of their potential obligations. The proposed notice states in paragraph three that "[i]f you join this case, you may be asked to give testimony and information about your work with CFC."  Dkt. # 21-3, at 4.  It is not necessary for the notice to provide a more detailed recitation of the putative member's potential obligations, and the Court will not require plaintiff to amend the notice to include additional information about this issue.

**Potential for Assessment of Costs against Plaintiffs**

CFC asks the Court to modify the proposed notice to include more specific language advising putative members of the collective action that they may be obligated to pay costs if CFC is ultimately successful in this litigation.  Dkt. # 25, at 13.  Plaintiff argues that the inclusion of such language could deter putative members from joining the case.  The Court agrees with CFC that the proposed notice should be amended to include language that members of the collective action could be ordered to pay costs should CFC prevail.  This language would more accurately provide notice of the law and would not unfairly or unreasonably deter putative members from joining this case.  Whitlow v. Crescent Consulting, LLC, 322 F.R.D. 417, 424 (W.D. Okla. 2017) ("Specifically informing Plaintiffs they will not be responsible for Defendant's attorneys' fees if not successful but correctly informing them about the potential for costs under Rule 54 should not unreasonably or unfairly discourage participation"); see also Scott v. Utility Partners of America, LLC, 2014 WL 4542126, *3 (D. Kan. Sep. 12, 2014); Chapman v. BOK Financial Corp., 2013 WL 12032545, *3 (N.D. Okla. Apr. 30, 2013).  Plaintiff argues that including this language in the notice would chill participation in the collective action and would defeat the remedial purpose of the FLSA.  Dkt. # 26, at 10. However, plaintiff is required to provide potential members of the collective action with accurate

information about their rights and obligations, and plaintiff has not shown that inclusion of this information would unfairly or unreasonably chill participation in a collective action.

**Geographical Limitation**

CFC asks the Court to limit the putative FLSA collective action to employees of the Tampa warehouse, because plaintiff fails to provide any evidence that employees of other facilities were also denied overtime pay. Dkt. # 25, at 14. Plaintiff's allegations and statements concerning the alleged non-payment of overtime at other facilities operated by CFC are extremely limited. Plaintiff states in his affidavit that he encountered employees of CFC who had been employed in the New Jersey and Texas warehouses, and "a few of them told me that they also only received straight time pay for their overtime hours." Dkt. # 21-2. Plaintiff contends that he has alleged that he worked "primarily" in the Tampa warehouse, but he claims that he also worked in other locations. This somewhat misrepresents plaintiff's statement in his affidavit that he worked "primarily" in the Tampa warehouse. Dkt. # 21-2, at 2. Plaintiff's affidavit clarifies that he performed installation services at "gyms, colleges, or residential properties," and the implication reasonably supported by the affidavit is that he performed this work while based in the Tampa warehouse. Id. at 2-3. Plaintiff cites Sharp v. CGG Land (U.S.) Inc., 2015 WL 222486 (N.D. Okla. Jan. 14, 2015), for the proposition that this court has previously denied a request by a defendant to impose a geographical limitation on a putative FLSA collective action. Dkt. # 26, at 11. Plaintiff is correct that the undersigned denied the defendant's request to impose a geographical limitation in Sharp, but the Court made specific factual findings concerning the substantiality of the plaintiff's allegations concerning the geographical scope of the defendant's payment polices. In Sharp, the plaintiff had personally worked at multiple facilities operated by the defendant and had been denied overtime pay

at every facility. Sharp, 2015 WL 222486 at *5. The plaintiff had personally observed and spoken to "numerous coworkers" who had also been denied overtime, and he had reviewed their documents showing that they had not received time and a half pay for overtime hours. Id. In contrast, the plaintiff in this case does not allege that he worked in a warehouse other than the Tampa warehouse, and he offers hearsay that a "a few" workers from other facilities claimed that they were paid straight time for overtime hours. The allegations offered by plaintiff concerning the alleged non-payment of appropriate overtime pay outside of the Tampa warehouse is at best viewed as speculative, and plaintiff has not made even a preliminary showing that would support the inclusion of employees who worked at CFC's New Jersey and Texas facilities in the putative FLSA collective action. Cox v. Labor Source, LLC, 2023 WL 6541290, *5 (D. Kan. Oct. 6, 2023) ("Plaintiffs who seek conditional certification of company-wide collectives but offer no 'firsthand knowledge of practices in other units or locations' must be denied"). CFC employees based out of the New Jersey and Texas facilities operated by CFC may not be included in the definition of the putative class or otherwise given notice of the collective action.

**IT IS THEREFORE ORDERED** that Plaintiff's Opposed Motion for Conditional Certification and Memorandum in Support Thereof (Dkt. # 21) is **granted in part** and **denied in part**: plaintiff's request to conditionally certify a collective action is granted, but the collective action is limited to hourly employees of CFC's Tampa warehouse. The Court conditionally certifies a collective action under 29 U.S.C. § 216(b) of the Fair Labor Standards Act for the following class of persons:

> All hourly paid employees who worked for Commercial Fitness Concepts, LLC at its Tampa, Florida warehouse within the last three (3) years, who were not compensated at time-and-one-half of their hourly rate for all hours worked in excess of forty (40) hours and who were instead only paid their regular hourly rate for the excess hours in one and more workweeks.

**IT IS FURTHER ORDERED** that plaintiff shall revise his proposed notice to members of the putative class in accordance with this Opinion and Order, specifically to include language of the potential obligation to pay costs and to amend the class definition to limit the putative collective to employees of CFC's Tampa warehouse.  The parties shall meet and confer to confirm that the notice to putative members of the collective action complies with this Opinion and Order as to the form of the notice.

**IT IS FURTHER ORDERED** that CFC shall provide plaintiff with a list of putative class members' names, addresses, e-mail addresses, cell phone numbers, dates of employment, and position of employment in a usable electronic format **no later than April 24, 2026**.

**IT IS FURTHER ORDERED** that plaintiff's counsel, or someone on her behalf, shall send by mail, email, and text-message the **revised** notice and consent form to the putative collective members **no later than 14 days** after CFC's disclosure of the contact information of potential members of the collective action.  Eligible persons will have 60 days, from the date the notice is mailed, to opt-in by filing their consent forms, which may be executed electronically via electronic signature.  Plaintiff's counsel, or someone on her behalf, may send a reminder notice halfway through the 60 day period to putative members who have not yet responded to the original notice.

**DATED** this 3rd day of April, 2026.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE